STATE v. CLARENCE CODY.

(Filed 28 February, 1945.)

**1. Assault and Battery §§ 7c, 11—**

In a criminal prosecution for assault with a deadly weapon with intent to kill, resulting in injury, G. S., 14-32, where the State's evidence tended to show that prosecutor was in the act of taking money from his cash register, after closing his store for the night, when the defendant, who was definitely identified by both prosecutor and his clerk, shot a gun through the store window, the load lodging near prosecutor, who ran out of the store and shot a pistol in the direction defendant had gone and was wounded by gunshot in reply from the darkness, threats by defendant against prosecutor being also shown, there is ample evidence to sustain conviction and motion to dismiss under G. S., 15-173, was properly denied.

**2. Assault and Battery §§ 7c, 13—**

In a prosecution for an assault with a deadly weapon with intent to kill, resulting in injury, where the court charged that one of three verdicts might be returned: (1) guilty of assault with a deadly weapon with intent to kill, inflicting serious injury, not resulting in death, or (2) guilty of assault with a deadly weapon, or (3) not guilty, there being slight, if any, evidence of serious injury, there is no harmful error in the court's submitting the felony charge to the jury, defendant having been acquitted on that count.

APPEAL by defendant from *Pless, J.,* at September Term, 1944, of BUNCOMBE. No error.

Criminal prosecution on bill of indictment charging a felonious assault under G. S., 14-32.

L. S. Sargent, the prosecuting witness, operates a place of business near Newbridge on the Weaverville Road. On 14 July, 1944, about 11:00 p.m., he had closed his store and was standing with his back to the front in the act of taking money from his cash register when someone in front and on the outside fired a gun. The load went through the window and lodged near Sargent. The overhead lights in front were on. Both Sargent and an employee in the store immediately looked and saw defendant in front, going across the road. He had a gun. No one else was out in front. Sargent got his pistol, ran out, and began shooting in the direction defendant had gone. There was another gunshot from that direction and a part of the load lodged in Sargent's shoulder.

About 10:45 on the same night defendant went to the home of a Mrs. Hicks who lived near Sargent's place of business and got his gun he had previously loaned her. He also got two shells. A few minutes before the shooting he was heard to say he was going to "get even with Sarge (Sargent)" and one Wilson. He was then near Sargent's place of busi-

ness.   He went to Wilson's home and repeated this statement about fifteen minutes after the shooting.

The defendant having offered no evidence in rebuttal, the cause was submitted to the jury on the testimony of the State.   The jury returned a verdict of "guilty of an assault with a deadly weapon."   From judgment on the verdict defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*J. W. Haynes for defendant, appellant.*

BARNHILL, J.   Defendant's primary assignment of error is directed to the refusal of the court to dismiss on motion made under G. S., 15-173, C. S., 4643.   He insists there was insufficient evidence of the identity of the defendant.   In this we are unable to concur.

The defendant was definitely identified by two witnesses as the person who was in front of the building at the time the shot was fired.   He had a gun.   No one else was there.   He had just a few minutes before avowed his purpose to "get even with Sarge."   Thus the testimony tends to show. This evidence was amply sufficient to repel the motion to dismiss and to sustain the verdict.   Its credibility was for the jury.

The other exceptive assignments of error are directed to alleged error in the charge of the court.   After careful consideration we are unable to find in them any cause for disturbing the verdict.

The court instructed the jury that they might return any one of three verdicts: (1) guilty of an assault with a deadly weapon with intent to kill, inflicting serious injury, not resulting in death, or (2) guilty of an assault with a deadly weapon, or (3) not guilty.   It fully explained the constituent elements of each of the two offenses.

There is very slight, if any, evidence of serious injury within the meaning of the statute.   Thus, if there was error in the instructions, it rests in the fact that the court submitted the felony charge to the jury. Even so, on this count there was a verdict of not guilty.   Hence defendant has not been prejudiced thereby.

In the trial below we find

No error.